FARNSWORTH PINNEY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11740.   Promulgated February 24, 1928.

*Chester A. Jordan, C. P. A.*, for the petitioner.
*A. C. Baird, Esq.*, for the respondent.

OPINION.

SIEFKIN: This proceeding contains no dispute as to the facts. The allegations of fact contained in the petition were admitted by the answer of the respondent and the only issue to be determined is whether, under those facts, section 331 of the Revenue Act of 1918 prevents the allowance to the petitioner of a greater amount as invested capital than the amount paid by the predecessor individual owners who transferred such property to the petitioner in exchange for all of its capital stock. The petitioner's contention rests upon the proposition that the individual owners having paid tax on their individual returns upon an increase in the value of the property, such increase having been admitted " across the threshold of income taxation into the house of capital " can not be excluded by the provisions of section 331. Section 331 provides:

SEC. 331. In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: *Provided*, That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.

The petitioner points to the purpose of the invested capital provisions as expressed by the Supreme Court in *La Belle Iron Works* v. *United States*, 256 U. S. 377, as showing that all Congress intended to prevent by section 331 was the inclusion in invested capital of " mere appreciation or increase in book values," and that a test of values by. the taxation of an increase acquiesced in by both the respondent and the individuals who transferred the property takes such a transaction out of the operation of section 331.

Whether or not the transactions between the Commissioner and the predecessor individuals constitute a definite finding that the value at the time of receipt by the petitioner was $325,000, we need not decide. The petitioner alleged and the respondent admitted that the fair value at that time was that amount. As has been pointed out a number of times by the courts and by this Board, invested capital under the excess profits tax statutes is a statutory definition which must be strictly followed to express the will of Congress. In our

opinion, the situation here involved falls squarely within the provisions of section 331, and the fact that the $100,000 in question has been taxed as income, can not prevent us from giving full effect to the operation of the statute.

That Congress did not intend to adopt any such exception as is contended for is evident by a consideration of other portions of the invested capital provisions. Section 326 of the Revenue Act of 1918 provides for the *inclusion* of certain things in invested capital and for the *exclusion* of other things. There is deducted from invested capital, under the statutory definition, a percentage based upon "inadmissible assets," as defined in the statute. Included in such "inadmissible assets" are stocks, bonds, etc., "the dividends or interest from which is not included in computing net income." Yet it would surely not be contended that invested capital would be unaffected by such "inadmissible assets" if a profit were realized upon their exchange for other inadmissible assets. This test of the argument of the petitioner makes us certain that we can not read into the provisions of section 331 any exception based upon the purpose of Congress, and convinces us that we must apply the section to this case, within which the facts clearly bring it, with the result that we approved the respondent's determination.

*Judgment will be entered for the respondent.*